MICHAEL E. KIRBY, Judge.
|, The State of Louisiana filed a petition in the Juvenile Court for the Parish Orleans alleging the defendant, D.S., to be delinquent for violating La. R.S. 14:68.4, relative to unauthorized use of a motor vehicle (count one), and La. R.S. 40:966 E(l), relative to possession of marijuana (count two).[1] At a pretrial hearing, D.S., through counsel, pleaded not guilty to both counts.
D.S. appeared for trial on March 23, 2009. At that time, counsel for D.S. moved the court to dismiss count two of the petition pursuant to La. Ch. C. Art. 876[2] in return for D.S.’s pleading guilty to count one. Over the state’s objection, the juvenile court accepted the proposed plea arrangement and granted the motion to *389 dismiss count two. D.S., in turn, pleaded guilty to count one and the juvenile court rendered a judgment adjudicating him delinquent for violating La. R.S. 14:68.4. D.S. was sentenced to placement with the Office of Juvenile Justice for a period of time not to exceed one year. The sentence, however, was suspended and |2P.S. was placed on active probation under the supervision of the Office of Youth Development.
The state appealed the judgment adjudicating D.S. delinquent, arguing that the juvenile court erred by entering into a “plea bargain” with D.S. without the state’s consent by dismissing count two of the petition pursuant to La. Ch. C. Art. 876 in exchange for D.S.’s pleading guilty to count one.
The Louisiana Supreme Court, in State v. Tanner, 425 So.2d 760, 762 (La.1988), has stated that “[t]he district attor ney determines whom, when and how he shall prosecute in his district,” citing La. C.Cr.P. art. 61. Further, La. Const, art. V, § 26(B) provides that a district attorney, or his designated assistant, shall have charge of every criminal prosecution by the state in his district. The district attorney is the only official vested in law to engage in plea bargains. State v. Anthony, 99-0107, p. 6 (La.App. 4 Cir. 4/7/99), 735 So.2d 746, 750. A plea agreement is a contract between the state and a defendant. State v. Lewis, 539 So.2d 1199, 1204 (La.1989); State v. Monroe, 99-1483, p. 5 (La.App. 4 Cir. 3/22/00), 757 So.2d 895, 897. The consent of both parties is required. Id.
In this case, the trial transcript indicates that defense counsel sought a “plea bargain” for D.S. by asking the state to dismiss the possession of marijuana charge in exchange for D.S.’s pleading guilty to the charge of unauthorized use of a motor vehicle. The state clearly objected to the dismissal of any charge in the matter. The juvenile court, nonetheless, dismissed the possession of marijuana charge pursuant to La. Ch. C. art. 876 to secure a guilty plea from D.S. on count one. |3Because La. Const, art. V, § 26(B) authorizes only the district attorney, or his designated assistant, to prosecute a criminal case, the juvenile court erred in engaging in a plea arrangement with D.S. without the consent of the State. Although La. Ch. C. art. 876 allows the court, for good cause, to dismiss a petition on its own motion, on the motion of the child, or on the motion of the petitioner, if the court’s dismissal of a charge is part of a plea agreement in the prosecution of the case, then the state must consent to the dismissal for the plea to be constitutionally valid. Here, the state did not engage in or consent to the plea agreement, which included the dismissal of count two of the petition. Thus, we conclude D.S.’s guilty plea on count one is invalid.
Accordingly, the March 23, 2009 judgment, adjudicating D.S. delinquent and dismissing count two of the petition, is vacated and the case is remanded to the juvenile court for further proceedings consistent with the views expressed herein.
VACATED AND REMANDED.

. The record indicates that D.S., when arrested, was also charged with possession of a stolen automobile, a violation of La. R.S. 14:69. The state, however, refused the charge.

. La. Ch.C. Art. 876, provides:
For good cause, the court may dismiss a petition on its own motion, on the motion of the child, or on the motion of the petitioner. The court shall dismiss a petition on the motion of the district attorney.